IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| POLLY HOPPER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-737-O |
| | § | |
| MICHAEL SMITH, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Polly Hopper ("Hopper"), a federal prisoner at FMC-Carswell. Pet.1-18, ECF No. 1. Respondent Michael Smith, Warden at FMC-Carswell, filed a response with an appendix. ECF Nos. 9 and 10. Hopper has filed a reply. ECF No. 11. After having considered the pleadings, applicable law and relief sought by Hopper, the Court concludes that the petition should be **DISMISSED** for the alternative reasons set out below.

**I.      RELIEF SOUGHT**

In this § 2241 proceeding, Hopper, serving a federal sentence, challenges the Federal Bureau of Prisons ("BOP") assignment of a "sex offender" Public Safety Factor ("PSF") to her sentencing classification. Pet. 1-8, ECF No. 1. She challenges the application of the sex offender PSF because her Kidnapping offense did not involve minor children. Pet. 2, ECF No. 1.

**II.     BACKGROUND-PROCEDURAL HISTORY**

Hopper was convicted of Kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and

1

Conspiracy to Violate 18 U.S.C. § 1201(a)(1), in violation of 18 U.S.C. § 371. App. 5-9 (Judgment, *United States v. Hopper*, No. 2:14-cr-2130-03(KG) (D. New Mexico, Oct. 27, 2015), ECF No. 10. She was sentenced to a 292-month term of imprisonment for each count to run concurrently. *Id.* at 7. Petitioner asserts the BOP improperly assigned her a "sex offender" Public Safety Factor (PSF) since "no minor children [were] involved in the kidnapping charge." Pet. 2, ECF No. 1; Am. Pet. 2, ECF No. 5.

A PSF is applied to an inmate when "[t]here are certain demonstrated behaviors which require increased security measures to ensure the protection of society." App. 15 (Portion of BOP Program Statement 5100.08), ECF No. 10.[1] A "sex offender" PSF is applied to an inmate whose current confinement or prior history includes an element of a sexual offense. *Id.* at 18 (providing elements to consider). "A conviction is not required for application of this PSF if the Presentence Investigation Report (PSR), or other official documentation, clearly indicates the following behavior occurred in the current term of confinement or prior criminal history." *Id.*

On March 29, 2022, Hopper requested the PSF be removed via an attempt at an informal resolution. Pet. 1-3, ECF No. 1. She was dissatisfied with the response and submitted a request for administrative remedy at FMC- Carswell on or about June 6, 2022, seeking removal of the PSF. *Id.* 12, (Administrative Remedy ID 1123493-F1), ECF No. 1. There, Hopper claimed the "classification adversely affects how the BOP is executing [her] sentence." *Id.* Warden Smith denied the requested relief on June 22, 2022, informing Petitioner that the PSF is deemed appropriate because her case "did involve several minors" and a conviction was not required for

---

[1] The full text of BOP Program Statement 5100.08 Inmate Security Designation and Custody Classification is located at https://www.bop.gov/policy/progstat/5100_008cn.pdf. (last accessed March 1, 2024).

assignment if the PSR or other official document indicated behavior consistent with the PSF. *Id.*, 13 (Administrative Remedy Response), ECF No. 1. Hopper appealed to the Regional Director. *Id.,* 14 (Regional Administrative Remedy Appeal ID-1123493-R1), ECF No. 1. The Regional Director found the PSF was appropriately applied and denied the appeal. *Id.*, 15 (Administrative Remedy Appeal Response- ID-1123493-R1), ECF No. 1.  Hopper claims that she then submitted an appeal to the Central Office on September 24, 2022, and the result was "No Response-Denied." Pet. 3 and (Central Administrative Remedy Appeal), ECF No. 1. BOP records instead show that the Reginal Office received a second appeal that was rejected, and Hopper was instructed to forward her appeal to the BOP Central Office. App. 3 ¶¶ 10-11 (Declaration of BOP Executive Assistant Malissa Mark), ECF No. 10.  BOP official Mark also provides "the record contains no Remedy ID 1123493-A1, indicating Ms. Hopper never appealed to the Central Office." *Id*. ¶ 11.

Hopper filed her § 2241 habeas petition on July 18, 2023 (ECF No. 1), and an amended petition on August 14, 2023 (ECF No. 5). The petitions are identical, except that the original petition contains exhibit attachments. Pet. 1-18, ECF No.1; Am. Pet 1-9, ECF No. 5. Thus, the Court will henceforth refer only to the numbered pages of the original § 2241 petitioner and exhibits. For relief in this § 2241 proceeding, Hopper asks the Court to order the BOP to remove the assigned "sex offender" PSF. Pet. 8, ECF No. 1.

### III. ANALYSIS

#### A. Failure to Exhaust Administrative Remedies

Although 28 U.S.C § 2241 does not expressly contain an exhaustion requirement, it is well-settled law that a federal inmate must exhaust all administrative remedies available before filing a habeas petition under section 2241. *Gallegos-Hernandez v. United States*, 688 F.3d 190,

194 (5th Cir. 2012) ("[A] federal prisoner filing a § 2241 petition must first pursue all available administrative remedies."); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) ("[E]xhaustion of administrative remedies is a prerequisite to filing a section 2241 petition."); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). An inmate's failure to properly pursue administrative remedies consistent with the procedures provided by the prison system in which she is incarcerated constitutes procedural default, warranting dismissal of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Carmona v. Bureau of Prisons*, 243 F.3d 629, 632-34 (2d Cir. 2001). Exceptions to the exhaustion requirement apply only in extraordinary circumstances, and Petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. *See Fuller*, 11 F.3d at 62 (5th Cir. 1994) (citing *DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir.1992) and *Gardner v. School Bd.*, 958 F.2d 108, 112 (5th Cir. 1992)).

Exhaustion of administrative remedies for a BOP inmate requires the inmate follow the procedures for filing administrative remedies outlined in 28 C.F.R §§ 542.10-542.180. This process requires that an inmate first make an informal request for resolution to the appropriate BOP staff member. 28 C.F.R. § 542.13. If an informal resolution is not achieved, an inmate must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, she may appeal to the Regional Director within twenty days unless an extension is granted. 28 C.F.R. § 542.15. If the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the Office of General Counsel, or Central Office, within thirty days, although the time limit may be extended if the inmate demonstrates a valid reason for the delay. 28 C.F.R. § 542.15. The Appeal to the General Counsel is the final administrative appeal. 28 C.F.R. § 542.15.

Here, Hopper acknowledges in her § 2241 petition that she did not receive a response from the Central Office. Pet. 3, ECF No. 1. The records provided by the BOP otherwise indicate that Hopper failed to properly submit her appeal after the Regional Director's denial to the proper office, the Central Office, for review and consideration. App. 3, ¶ 11 (Mark Declaration), ECF No. 10. As Hopper deprived the Central Office from reviewing and responding to the underlying grievance challenging the application of the PSF, this undermined the purpose of the wholly completing the Administrative Remedy Program. As such, Hopper's claim must be dismissed for failure to exhaust administrative remedies.

### B. Alternatively, the Court lacks Jurisdiction

Hopper's "sex offender" PSF does not impact the duration of her confinement or the constitutionality of her detention. *See Vaughan v. Hendrix*, No. 2:19-CV-00046, 2019 WL 4412290, at *2 (E.D. Ark. Aug. 20, 2019) (involving challenge to classification as a violent offender) (citing *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014) (use of restraints) and *Kruger v. Erickson*, 77 F.3d 1071, 1073-74 (8th Cir. 1996) (taking of blood sample)). Instead, her claim challenges the conditions of her confinement which is not a cognizable claim under § 2241. *See Vaughan*, 2019 WL 4412290, at *2 ("Thus, properly characterized, Vaughan is asserting a conditions of confinement claim that is not cognizable in a habeas action."). Hopper vaguely claims the PSF is "adversely affecting how [her] sentence is being executed" but pleads no facts showing that removal of the PSF would accelerate her release. *See generally Pawlik v. Young*, No. 09-1860, 2010 WL 2428123, at *2 (W.D. La. May 19, 2010) (dismissing for lack of jurisdiction the inmate-petitioner's request to remove the "sex offender" PSF because a favorable determination would not automatically entitle petitioner to accelerated release). Indeed, a public safety factor classification impacts the required security measures with respect to Hopper's

custody and, therefore, the conditions of her confinement. App. 15, 18; *Pawlik*, 2010 WL 2428123 at *2 (finding the petitioner attacked the conditions imposed by the "sex offender" PSF classification).

Furthermore, there is no due process right to any particular security classification. *Marti v. Nash*, 227 F. App'x 148, 150 (3d Cir. 2007) (holding a "greatest severity" PSF impacted the petitioner's institution assignment and not the imposition of a sentence) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976)). Since the Court lacks jurisdiction over a § 2241 claim challenging asserting conditions of confinement, the § 2241 petition must alternatively be dismissed for lack of jurisdiction.

### IV.   CONCLUSION and ORDER

For the reasons discussed, petitioner Polly Hopper's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for want of exhaustion, and alternatively, **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **4th** day of **March, 2024.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE